## NEW YORK SUPERIOR COURT.

### SALLY ANN HOWELL agt. THE KNICKERBOCKER LIFE INSU-
### RANCE COMPANY.

A motion under § 160 of the Code, to strike out irrelevant matters, cannot prevail to strike out a *whole complaint*.

Whether matters set up in a complaint, which are intended to constitute a cause of action, do or do not constitute a cause of action, must be *tested by demurrer*.

Where matters alleged in the complaint, by way of excuse for not paying the premium on a life policy of insurance on the day it fell due, were proposed to be stricken out under § 160,

*Held*, that if they did not furnish a legal excuse the plaintiff had no cause of action to recover on the policy; but they were not so *palpably immaterial* in making out a good cause of action as to be disposed of summarily, and to justify the court in pronouncing the complaint bad. The defendants must be put to their *demurrer*.

*New York Special Term, March*, 1863.

IN the year 1853, as appeared in this case, George R. Howell, of this city, as agent for his wife, insured his life for her benefit and the benefit of his children in the Knickerbocker Life Insurance Company, of this city, in the sum of $5,000. The premiums were paid regularly and punctually, as claimed from that time until 1861. On the morning of the 15th of July, 1862—that being the day upon which the premium became payable—Howell left his residence in perfect health and proceeded to his place of business, where he made memoranda of several things to be done on that day, and among them was the payment of the premium on this policy of insurance. But before noon of that day he was suddenly struck with paralysis, and lingered in a state of stupor, incapable of speech or action, until the next day, when he died.

The fact of the non-payment of the premium was not discovered until a day or two after his death, when the same was tendered to the company. The company, however, declined receiving the premium, and claimed that the policy was forfeited.

This action was thereupon brought, and the complaint

set out a number of facts to relieve the plaintiff from the consequences of omitting to pay the premium on the day fixed. Motion was made to strike out such allegations as irrelevant.

ROBERTSON, Justice. It is conceded that if the parts proposed to be stricken from the complaint be so stricken out, no cause of action on the policy will be set out.

The motion is made under the 160th section of the Code to strike out irrelevant matters. Under this a motion could not prevail to strike out a whole complaint. The irrelevancy must therefore be to the cause of action as the plaintiff claims it to exist, and not as the defendant supposes it to be constituted. Possibly all the matters set up in the complaint may not furnish a legal excuse for not paying the premium on the day it was fixed to be paid; if they do not, the plaintiff has no cause of action. But whether they do or not should be tested by demurrer, otherwise such a motion might be made always to take the place of a demurrer by attacking any allegation of a complaint, upon the ground that it did not aid in constituting an available legal cause of action.

But the allegations proposed to be stricken out are not so palpably immaterial in making out a good cause of action as to be disposed of summarily. It is not so clear that the policy is not an insurance for the life of the party mentioned in it, defeasible on the failure of the assured to pay the premiums on the day fixed. It is a sealed instrument; the payment of the annual premiums may not be intended to make a new agreement, but only to sustain the fixed one, otherwise the provision that the parties could make a new agreement is superfluous, since they necessarily have that right. If a new contract is to be made on the payment of each premium, many of the representations contained in the application for insurance might be untrue at the time of such payments, and thus avoid the new contract. Premiums or policies of life insurance are concluded according

to the age of the subject insured. If the defendants had a right to refuse a policy at the end of each year on the same terms, the assured would have paid his premium in vain. (*See Peacock* agt. *The New York Life Ins. Co.*, 3 *Bosw. Sup. Ct. Rep,,* 293.)

It is also specified in the policy that all premiums shall be forfeited in case there shall be found any misrepresentations or concealment in the representations ; this tends to show that the representations were to apply to the continuance of the policy by all furure payments of premiums. All such considerations have a tendency to show the payment of premiums annually to be a condition subsequent, and capable of having these rigorous terms relaxed.

The policy also provides that a payment on the 15th of July, in each year of the premium, keeps the policy alive. The assured have consequently the whole day to pay it in, although the time fixed in the body of the policy expires at noon. If the subject of insurance died in the afternoon, a tender of the premium before midnight might make the company responsible. This rather gives color to the construction that precise time was not of the essence of the contract. Any understanding of the company with the plaintiff's husband, or usage on their part, might perhaps sustain a deviation by her from the rigorous terms of the contract, if the payment of premiums were only conditions subsequent.

It is possible, also, the act of God in striking down the plaintiff's husband, agent, and sole reliance in paying the premium, may excuse the want of exact performance of the contract. (*See Wolfe* agt. *Howes*, 20 *N. Y. R., and cases cited by* Allen, *Justice; and Baldwin* agt. *New York Life Insurance & Trust Company*, 3 *Bosw.*, 530.)

There is enough in the case to justify me in not pronouncing the complaint palpably bad, and compelling the defendants to demur. The motion must be denied with $10 costs to abide the event.